# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS,** | ) | **CASE NO. 4:15 CV 1724** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN BEDARD,** *et al.* | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Frederick Banks filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Banks is incarcerated in the Northeast Ohio Correctional Center, awaiting trial in the United States District Court for the Western District of Pennsylvania. Banks challenges the pending criminal proceedings, claiming: (1) the "harassing communications" charge violates his First Amendment right to free speech; (2) the search of his residence violated his Fourth Amendment rights; (3) the charges were brought against him in retaliation for filing numerous frivolous complaints against the victim, an FBI agent; (4) the prosecutor threatened him with a superceding indictment if he did not plead guilty to the charges; and (5) his attorney is not representing him effectively. He seeks immediate release from custody and dismissal of the criminal charges.

Section 2241 "applies to persons in custody regardless of whether final judgment has

been rendered and regardless of the present status of the case pending against [the Petitioner.]" *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981). Although § 2241 establishes jurisdiction in the federal courts to consider pretrial Habeas Corpus Petitions, the Court should abstain from the exercise of that jurisdiction if the issues raised in the petition could be resolved either by trial on the merits in the criminal case, by other procedures available to the Petitioner in the criminal case, or on appeal. *Clements v. Gonzales*, No. 407 CV 1596, 2007 WL 1747140, at *2 (N.D. Ohio June 15, 2007). This abstention from exercising habeas corpus jurisdiction has its foundation in the doctrine of comity, where a state Defendant challenges pretrial issues in a federal habeas petition. *Id.*

Here, comity is not an issue; however, similar principles require this Court to abstain from addressing Petitioner's concerns. His criminal case is pending in the District Court for the Western District of Pennsylvania. This District Court cannot issue Orders essentially dismissing a case pending in another District Court. When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F.Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985). Banks has not alleged that he exhausted his claims by raising them at trial, or on direct appeal.

## Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied

and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                               */s/Dan Aaron Polster 11/16/15*
                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE